Appeal by plaintiffs from a judgment for defendant based upon a jury verdict and from the denial of plaintiffs' motion for a new trial. We reverse and remand.
The plaintiffs were Ruby Janice Phillips and Angela Phillips, who sued by her next friend, William Phillips. Alabama Farm Bureau Mutual Casualty Insurance Company was added as a party plaintiff on motion of the defendant, Annie Emmons. Emmons was the driver of a school bus that collided with a vehicle occupied by the plaintiffs, who subsequently brought this action to recover damages.
The sole issue on appeal concerns the admission of certain testimony of Trooper Cecil Myrick relating to the cause of the accident.
Trooper Myrick was called as a defense witness. His testimony revealed that he had investigated the accident and attempted to determine the relative paths of the respective vehicles. He described the scene of the accident and, specifically, the tire tracks that he connected to the paths of the two vehicles. Although he did not witness the accident, Trooper Myrick testified that the vehicles remained at their final resting places and that the parties were still at the scene of the accident when he arrived. Over objection, Trooper Myrick was allowed to testify, in the following exchange, as to "what caused the accident":
 "Q. All right. As a part of your investigation, are you required to form an opinion and indicate on your report what you feel is basically the cause of the accident?
"A. By policy and the traffic accident manual.
 "Q. All right. And did you form such an opinion in your investigation of this accident?
"A. Noted on the back of the report.
"Q. What is that?
 "MR. JONES: I object to him giving an opinion as to any kind of thought on who hit who or what caused the accident. He's not qualified to give that opinion.
"THE COURT: Overruled.
"BY MR. CHASON:
 "Q. What conclusion did you arrive at as to what caused the accident?
 "A. Based on my report, the narrative I have on the back, it says driver of Vehicle Number 1 —
 "Q. The jury doesn't know who Vehicle Number 1 is. Let's tell them who was Vehicle 1 and who was Vehicle 2.
"A. Vehicle Number 1 driven by Mrs. Emmons.
"Q. That's the school bus?
"A. Yes, sir.
"Q. Number 1 is the school bus?
"A. Yes, sir.
"Q. Number 2 is Ms. Phillips?
"A. Yes, sir, driving a small compact car.
"Q. Now, go ahead then.
 "A. Driver of Vehicle Number 1 took continuous, evasive action to avoid Vehicle Number 2 on a slippery dirt road attempting to yield as much of the roadway as possible; applied brakes, steered to the shoulder of roadway. Apparently as driver of Vehicle Number 2 continued travel to the most [sic] portion of roadway, collided causing Vehicle Number 2 to veer under Number 1 as the vehicles came to a final rest.
 "Q. All right. Of course, I have a copy of your report also. Let me refer you to another place on this report. This area right in here, what does that designate? Are you required to fill in those portions of that report?
"A. Yes, sir.
"Q. What does that designate?
"A. Circumstances against Number 2.
 "Q. And what was your opinion as to the circumstances of Number 2?
"MR. JONES. Same objection.
"THE COURT: Overruled.
 "THE WITNESS: Vehicle Number 2 on the wrong side of the road.
"BY MR. CHASON:
 "Q. And is that part of your report where you indicate your opinion as to what caused the accident to happen? *Page 1371 
"A. That was a Number 23.
"Q. What does Number 23 mean?
 "A. Based on the report, it is the bottom right portion — left portion of the report.
"Q. Number 23?
"A. Yes, sir.
"Q. What does Number 23 say?
 "A. Vehicle [sic] Number 23 is a wrong side of the road. Any situation in which the driver is operating a vehicle within the opposing traffic lanes.
 "Q. All right. And that was your conclusion then was that Ms. Phillips was operating her vehicle on the wrong side of the road?
"MR. JONES: Same objection.
"THE COURT: Overruled.
 "THE WITNESS: Based on the tire marks in the roadway.
"MR. CHASON: That's all."
The appellant argues that this evidence was inadmissible for three reasons. First, she argues that Trooper Myrick was not qualified to give an opinion as to the "cause" of the accident. Second, she argues that his opinion was speculative and conjectural. Third, she argues that his opinion on the cause of the accident invaded the province of the jury. We need not address all of the grounds appellant argues in support of reversal, because, even if we assumearguendo that Trooper Myrick was qualified to give an opinion as to the cause of the accident, we find that his testimony was, nevertheless, inadmissible inasmuch as it was expert testimony based on facts not in evidence and not within the trooper's firsthand knowledge.
Trooper Myrick, in his testimony, did not respond to any hypothetical questions posed by counsel, nor did he rely on facts in evidence. Rather, his testimony was based solely on his observations while at the accident scene. His testimony thus falls within the "firsthand knowledge rule." This rule "arises out of the general recognition that, in order to testify to certain facts, the witness must have had the opportunity to observe the facts to which he testifies and have actually observed them." C. Gamble, McElroy'sAlabama Evidence § 105.01 (3d ed. 1977). Under this rule, Trooper Myrick could have testified as to what he had observed at the scene, i.e., the location of the tire tracks, the description and condition of the roadway, the weather conditions, the final resting place of the vehicles, and the location of any debris, as well as any particular measurements of distances that he might have obtained during his investigation. Worsham v.Fletcher, 454 So.2d 946 (Ala. 1984).
The one exception to the "firsthand knowledge rule" relates to opinion evidence of an expert witness. In these cases, it is axiomatic that an expert may base his opinion not only on facts of which he has firsthand knowledge, but also on facts that are assumed in hypothetical questions, Armstead v.Smith, 434 So.2d 740 (Ala. 1983), provided that the facts, either known to the expert or hypothesized to him, are in evidence, Romine v. Medicenters of America,476 So.2d 51 (Ala. 1985), or will come into evidence at a later time in the trial, Belcher v. Versatile Farm EquipmentCo., 443 So.2d 912 (Ala. 1983).
Trooper Myrick did not witness the collision between the two vehicles. His opinions as to the cause of the accident, while based on the evidence of the scene, nevertheless, exceeded the scope of his firsthand knowledge. His opinions were based in part on assumed mental processes and conclusions of both drivers that could not have been derived from his observations of the physical scene. He testified that the bus driver "took continuous, evasive action. . . attempting to yield as much of the roadway as possible; applied brakes, [and] steered to the shoulder of [the] roadway." Relative to the appellant, he testified that she "[a]pparently . . . continued travel to the most [sic] portion of [the] roadway, collided causing [her vehicle] to veer under [the bus] as the vehicles came to a final rest."
Moreover, his opinions as to the cause of the accident do not coincide with the testimony given at trial by either the plaintiff or the defendant. Additionally, on cross-examination, *Page 1372 
Trooper Myrick conceded that he did not form his opinions as to the cause of the accident based on conversations with the parties or witnesses to the accident:
 "Q. Okay. All right. And did you notice the position of the Plaintiff, Janice Phillips, at the time you got at the accident?
"A. Yes, sir.
"Q. Where was she?
 "A. In the vehicle which was stuck under the back of the bus.
"Q. Did you ever have a chance to talk to her?
 "A. I tried to but she was not coherent at the time.
 "Q. She couldn't tell you anything about how the accident happened, could she?
"A. She said she don't remember.
 "Q. Did she say that or she just couldn't talk with you?
"A. She told me, said, 'I don't remember.'
"Q. She was hurt then?
"A. Yes, sir.
"Q. Was she bleeding?
"A. Yes, sir.
"Q. She looked dazed and stunned?
"A. She looked involved in an accident.
"Q. Did she look dazed or stunned?
"A. I don't recall.
 "Q. Okay. You only got one side, one viewpoint of this accident didn't you?
"A. One viewpoint of what?
"Q. One of the drivers told you what happened?
"A. No, sir.
 "Q. Okay. You just said that Ms. Phillips said she didn't remember; is that correct?
"A. Yes, sir.
"Q. She didn't tell you what happened, did she?
"A. Sure didn't.
"Q. Did you talk with Mrs. Emmons?
"A. Sure did.
"Q. Did she tell you what happened?
"A. She didn't.
"Q. She didn't?
"A. No, sir. Sure didn't.
"Q. Who else did you talk to?
"A. I talked with the Phillips daughter.
"Q. Phillips daughter?
"A. She didn't remember."
Thus, we have a situation in which, even were we to assume that Trooper Myrick was qualified as an expert, his opinions were based upon facts of which he had no firsthand knowledge and which were not in evidence or expected to come into evidence. We have recently held that expert opinions based on facts not in evidence or within the expert's personal knowledge are inadmissible. Welch v. Houston CountyHospital Board, 502 So.2d 340 (Ala. 1987). We have also held that the admission of an expert's opinion testimony as to the "apparent" cause of an accident, when the fact on which his opinion, is based is not in evidence, is reversible error. Alabama Power Co. v. Robinson, 447 So.2d 148
(Ala. 1983). In that case, we wrote:
 "This [expert's] conclusion was not a reasonable inference deduced from the premise of fact; rather it was a conclusion based on speculation and conjecture. Indeed, as a theory of causation, a conjecture is simply an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference. See, e.g., Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505 (1946)."
(Emphasis added.) 447 So.2d at 153-54. We agree with the appellant that the record establishes that the testimony of Trooper Myrick as to the cause of this accident was based, at least in part, on speculation and conjecture.
For the error in admitting that evidence, the judgment must be reversed and the cause remanded. It is so ordered.
REVERSED AND REMANDED.
ALMON, SHORES and STEAGALL, JJ., concur. *Page 1373 
MADDOX, JONES and HOUSTON, JJ., concur in the result.
TORBERT, C.J., and ADAMS, J., not sitting.