William M. Brewer (employee) filed an application with the City of Birmingham Retirement and Relief System Board of Managers (board) for extraordinary disability benefits pursuant to 1973 Ala. Acts, No. 1272 (act). The employee contends that he is permanently disabled to perform his duties as a firefighter, due to head and back injuries suffered in an accidental fall at the fire station where he was employed. The board, after a hearing on the matter, denied the employee's application. Thereafter, the employee sought review of the board's decision through a petition for a writ of mandamus filed in the Circuit Court of Jefferson County. Following an ore tenus proceeding, the trial court denied the petition. The employee brings this appeal.
The employee raises several issues for our consideration in this appeal. However, we find the dispositive issue to be whether the trial court erred in denying the employee's petition for a writ of mandamus.
At the outset, we note that § 1, Article III, Section 11, of the act provides that the initial review of board determinations is by mandamus in the circuit court. The act specifies that the circuit court may review the decision of the board solely upon the evidence presented to the board or receive additional evidence to be considered along with the evidence that was presented to the board. The act further provides that the standard of review to be used when additional evidence is presented to the trial court is as follows:
 "If in the Circuit Court evidence is received, in addition to that considered by the Board, the decision of the Board upon all matters of fact shall, nevertheless, be final and conclusive, except to the extent limited by the next following sentence. If the Circuit Court after hearing all the evidence offered determines that had the decision rendered by the Board been rendered after hearing such evidence that such decision would not have been manifestly wrong, then the Circuit Court shall sustain the decision of the Board, and if the Circuit Court, after considering all the evidence, determines that the decision rendered by the Board would have been manifestly wrong had such decision been rendered after considering all the evidence considered by the Circuit Court, then in that event the Circuit Court shall render the decision which that Court concludes should be rendered on all the evidence considered by that Court."
1973 Ala. Acts, No. 1272 at 2135-36; Board of Managers of theCity of Birmingham Retirement Relief System v. Elliott,532 So.2d 1019 (Ala.Civ.App. 1988).
The act's clarity regarding the standard of review leaves much to be desired, and the trial court's concern in this regard is apparent from the following exchange between the trial court and counsel for the employee:
 "THE COURT: Do you all want to give me any brief or any statement of law as to the limit of review of this Court from the Board of Managers Retirement System?
 "[COUNSEL]: I'll be pleased to submit that if Your Honor would like one.
 "THE COURT: Well I think you all have a difference from the arguments I've heard from you in the past as to what my prerogative and discretions are.
 "[COUNSEL]: Then I'll be glad to submit and would like to, Your Honor.
 "THE COURT: Why don't we do this: give your statement as to what you see this Court's review ought to be of what the Board of Managers of the City of Birmingham Retirement and Relief System is. The main question is if there is substantial legal evidence to support their finding, does this Court have no discretion in this matter. That's the issue I want you to give me." (Emphasis supplied.)
Furthermore, the trial court stated in its final judgment: "Upon consideration of all of the evidence and other materials submitted to it, the Court finds that the Defendant [board] had before it sufficient testimony upon which to base its decision."
These statements by the trial court indicate that rather than applying the standard of review specified in the act, the trial *Page 48 
court reviewed this case under essentially the same standard that would be applied in a certiorari proceeding, i.e., that the court must uphold the decisions below if there is any legal evidence supporting those decisions. Clearly, the standard of review expressed in the act is a lesser burden than in a certiorari proceeding. Even if there is sufficient evidence supporting the decision of the board, such a decision could still be manifestly wrong in light of the additional evidence presented to the trial court.
We find, therefore, that the trial court should have reviewed the decision of the board not only on the evidence before it, but also in light of the additional evidence presented to the trial court which the board did not have. The trial court should have made a determination first as to whether the decision of the board is manifestly wrong and then whether the trial court's consideration of the additional evidence would render the board's decision manifestly wrong. Furthermore, we find that in our review of the decision of the trial court we are bound to follow the same standard of review as the trial court in reviewing the actions of the board. However, in order to reach a conclusion in the instant case, we must first address the issue of whether the opinion testimony of Capt. Lennis D. Owens, the employee's supervisor, was improperly considered by the board and by the trial court.
Although Capt. Owens was on duty at the fire station when the accident occurred, neither he nor any of the other firefighters witnessed the accident. Shortly after the accident, Capt. Owens prepared a "first report of injury" in which he indicated that the employee was injured in an accidental fall at the fire station. Capt. Owens further testified that he later "investigated" the accident and reached the conclusion that the employee had staged the accident. However, Capt. Owens's investigation apparently consisted only of making some measurements of the room and observing the condition of the room at some point following the accident. On the basis of conclusions drawn from his observations, Capt. Owens inferred that "the general circumstances just to me said he couldn't have been up there and fallen in this way because it doesn't add up."
It is apparent from the record that the only testimony presented to the board was that of the employee and Capt. Owens. It follows therefore that the board's decision to deny the employee's application for extraordinary benefits was based largely upon the opinion testimony by Capt. Owens. Although the trial court did hear additional evidence in the form of a deposition of Dr. George Risman, one of the employee's treating physicians, and a deposition of Dr. Glenn Smith, a clinical psychologist who counseled the employee about his pain and suffering, it appears that the trial court, like the board, based its decision to deny the employee's application for disability largely on Capt. Owens's opinion.
According to the provisions of the act, in proceedings in the circuit court, any evidence relevant on any issue involved in the review shall be admissible, subject to the ordinary rules of evidence. 1973 Ala. Acts at 2135. Furthermore, we note that as a general rule, a witness, in testifying, is to be restricted to facts within his personal knowledge, observation or recollection, and his opinion, conclusion, or inference with respect to matters in issue may not be received in evidence. 32 C.J.S. Evidence § 438 (1964); Louisville N.R.R. v. Steverson,220 Ala. 158, 124 So. 205 (1929).
Regarding the admissibility of Capt. Owens's opinion, we find guidance in our supreme court's recent decision in Phillips v.Emmons, 514 So.2d 1369 (Ala. 1987). There, the court reversed the judgment of the trial court, which had allowed a state trooper, who had not been qualified as an expert witness, to testify as to the cause of an accident. His opinion was based solely on his observations of the accident scene. The court held that such testimony exceeded the trooper's first-hand knowledge and was based in part on assumptions and conclusions that could not have been derived wholly from his observations of the physical scene.
We find the circumstances in the case at bar to be indistinguishable from *Page 49 
those in Phillips. Here, Capt. Owens was not offered as an expert. However, the trial court and the board nevertheless allowed Capt. Owens to give his opinion that the accident was staged. His conclusions were based solely on his observations of the room at some point after the accident and his inferences drawn from these observations. He did not witness the accident firsthand. Although Capt. Owens could properly testify as to what he observed at the scene of the accident, we find that his opinion testimony, based on inferences and conclusions drawn from these observations, was improperly received into evidence and thereby invaded the province of the trial court.
After disregarding the improper testimony, the only evidence remaining is the testimony of the employee as well as the testimony of one of his treating physicians, his psychologist, and a co-employee, none of which refutes in any way the employee's claim that he was injured in an accidental fall at the fire station. Therefore, we are of the opinion that the trial court, after considering all of the evidence, should have found that the board's decision is manifestly wrong.
In light of the above, we find that the trial court erred in refusing to grant the employee's petition for a writ of mandamus. Therefore, we reverse the judgment of the trial court and remand the cause with instructions to issue the writ of mandamus within 14 days from the date of this decision.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, J., concurs.
RUSSELL, J., concurs in the result.