This is a workmen's compensation case.
In June 1989, while working for Humana Medical Corporation of Alabama (Humana), Patsy Marlar slipped and fell, injuring her back, for which she received workmen's compensation benefits prior to returning to work. In October 1989, Marlar injured her right shoulder when she suffered a fall at home.
Marlar sued Humana in June 1991, alleging that her October fall was a direct and proximate consequence of her June on-the-job injury and that she was permanently disabled. She sought permanent disability benefits. Humana denied that Marlar had any permanent disability and alleged that Marlar's impairments were due to a preexisting condition.
In November 1991, an ore tenus proceeding was held. Humana's only witness testified regarding a videotape of Marlar he had surreptitiously recorded, which showed Marlar performing routine household tasks. The videotape was admitted into evidence over Marlar's objection. The trial court entered a judgment in December 1991, finding, inter alia, that Marlar's October injury was not work-related. The trial court further found that Marlar did not suffer any impairment or loss of ability to earn; therefore, workmen's compensation benefits were denied.
Marlar appeals, contending that the trial court erred in admitting the videotape, and that Humana did not meet its burden of proof in establishing that Marlar suffered no disability. *Page 1090 
Our standard of review in workmen's compensation cases is two-pronged. Initially, this court must determine if there is any legal evidence to support the trial court's findings; if such evidence is found, we must then determine whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91
(Ala. 1991).
Marlar contends that the trial court erred in admitting the testimony and videotape of James Casteel, who was hired by Humana to observe Marlar. Casteel's videotape showed Marlar performing routine household tasks. Marlar argues that Casteel's testimony should not have been admitted, because the trial court had refused to allow Marlar's vocational expert to testify. Additionally, Marlar argues that admission of the videotape into evidence was unfair.
"A motion picture [or videotape] is admissible if it is relevant and if it is properly authenticated and identified." C. Gamble, McElroy's Alabama Evidence, § 123.06 at 322 (4th ed. 1991). The predicate for its admission is laid by having a witness testify that the picture exhibited on the screen accurately reproduces the objects or actions he observed.McElroy's Alabama Evidence, supra; International Union, etc. v.Russell, 264 Ala. 456, 88 So.2d 175 (1956), aff'd,356 U.S. 634, 78 S.Ct. 932, 2 L.Ed.2d 1030 (1958). The record reveals that Humana laid a proper foundation for introducing the videotape into evidence. The authority cited by Marlar has no bearing on the issue of fairness. Rule 28, A.R.App.P. Further, the denial of Marlar's expert witness is not related to the trial court's determination regarding Humana's witness. Based on the record, we find that the trial court properly admitted the videotape and testimony into evidence.
Marlar's final contention that Humana failed to prove that she suffered no impairment is meritless. It is well settled that the burden of proof in workmen's compensation claims rests on the claimant. See Ala. Code 1975, § 25-5-31; Renfroe v. GoldKist, Inc., 559 So.2d 61 (Ala.Civ.App. 1990). The trial court's conclusion that Marlar "does not suffer from any permanent loss of ability to earn as a result of any work-related injury" is clearly supported by the evidence. Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.