[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 95 
The appellant, James Daniel Maxwell, Jr., was convicted of manslaughter, in violation of § 13A-6-3(a)(1), Code of Alabama 1975, based on a vehicular homicide resulting from a head-on collision. He was sentenced to 10 years in prison, and that sentence was split, with 3 years to serve in prison and 5 years on probation. He also was ordered to pay $5,379.50 in restitution to the victim's family.
The State's evidence tended to show that on May 14, 1991, the appellant and his then ex-wife were involved in a head-on automobile collision on a portion of North Pike Road known as "Drizzle Curve" in Colbert County, Alabama. The appellant's vehicle collided with Janet Y. Goodloe's vehicle, killing Ms. Goodloe.
Officer Robert Davis, of the Muscle Shoals Police Department, testified that he interviewed the appellant and his wife at the scene of the accident. At that time, he said, they both told him that his wife was driving when the collision occurred, and that the victim had crossed the center line into their lane and had caused the accident. Davis testified that he smelled alcohol on the appellant's breath, and that it was his opinion that the appellant was under the influence of alcohol but that his wife was not.
Rescue squad member Janie Howard testified that when she arrived at the scene of the accident, Ms. Goodloe had already died. She further testified that the victim's left carotid artery had been severed in the accident, and that the victim had bled to death. She stated that she also had examined the appellant for injuries and that she had smelled alcohol on his breath, but that she did not smell alcohol on his wife's breath.
State Trooper Thomas Bates was qualified as an expert in accident reconstruction. He testified, over the appellant's objection, that it was his opinion that the appellant's vehicle had drifted out of its lane and had collided with the victim's vehicle. He further testified that at the time of the accident the appellant did not want the investigating officers to look inside his vehicle, and that he and the other officers found several cans of beer in the vehicle. It was his opinion that the appellant was under the influence of alcohol at the time of the accident.
The appellant's wife at the time of the accident, Kamara Maxwell, told the investigating officers at the scene of the accident that she had been driving when the collision occurred. However, the next day she told the police that the appellant had actually been driving the vehicle at the time of the accident. Kamara testified that she did not recall seeing any beer in the appellant's vehicle that night, nor did she see the appellant consume any alcohol before the accident.
Deputy Bill Mayes, of the Colbert County Sheriff's Department, interviewed an alleged witness, Reginald Fuqua, shortly after the accident. Mr. Fuqua told Deputy Mayes that he had witnessed the accident and that the victim's vehicle had crossed into the appellant's lane, causing the accident. Deputy Mayes testified that he *Page 96 
thought Mr. Fuqua was under the influence of alcohol at the time of the interview. The deputy also testified that he saw at least one open beer can and one empty beer can in the driver's area of the appellant's vehicle.
The appellant called his own witnesses, eight of whom testified that they did not detect alcohol on the appellant, and that they had not seen him consume any alcohol immediately before the collision.
 I
The appellant contends that there was insufficient evidence to find him guilty of manslaughter. The manslaughter statute, § 13A-6-3(a)(1), Code of Alabama 1975, states, in pertinent part:
 "(a) A person commits the crime of manslaughter if:
 "(1) He recklessly causes the death of another person."
The state's evidence against the appellant was in part circumstantial. However, "[c]ircumstantial evidence will support a conviction as strongly as direct evidence, provided that the circumstantial evidence points to the guilt of the accused." Jones v. State, 514 So.2d 1060, 1066 (Ala.Cr.App.), cert. denied, 514 So.2d 1068 (Ala. 1987); Cumbo v. State,368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877
(Ala. 1979). In reviewing a verdict based largely on circumstantial evidence, the court must view the evidence in the light most favorable to the state. Wilbourn v. State,457 So.2d 1001 (Ala.Cr.App. 1984). Further, "it is not the province of this court to reweigh the evidence presented at trial."Watkins v. State, 565 So.2d 1227, 1231 (Ala.Cr.App. 1991). There also was direct evidence in this case that pointed to the guilt of the appellant. There were two witnesses who testified that they noticed the smell of alcohol on the appellant at the time of the accident. Two witnesses were of the opinion that the appellant was under the influence of alcohol immediately following the accident. Further, Kamara Maxwell testified that the appellant was driving at the time of the accident.
Conflicting evidence presents a jury issue. Smith v. State,583 So.2d 990 (Ala.Cr.App.), writ denied, 583 So.2d 993
(Ala. 1991). "The jury is the judge of the facts, the demeanor of the witnesses, and their testimony." Finch v. State,445 So.2d 964 (Ala.Cr.App. 1983). Where facts are presented from which the jury could reasonably infer that the alleged crime has been committed, then the question must be submitted to the jury. Brandon v. State, 542 So.2d 1316 (Ala.Cr.App. 1989).
Based on the facts recited above, there was sufficient evidence presented from which the jury could have found the appellant guilty of manslaughter beyond a reasonable doubt. No error occurred here.
 II
The appellant next raises several issues concerning the effectiveness of his trial counsel's performance. To prevail on a claim of ineffective assistance of counsel, the petitioner must show (1) that his counsel's performance was deficient and (2) that he was prejudiced by his counsel's performance.Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984).
The appellant initially contends that he was prejudiced by his trial counsel's failure to object on the basis of spousal testimonial privilege when the prosecution called Kamara Maxwell to testify. Section 12-21-227, Code of Alabama 1975, provides: "The husband and wife may testify either for or against each other in criminal cases, but shall not be compelled so to do." The testimonial privilege doesnot apply to persons who are divorced at the time of the trial.Ex parte Bankhead, 585 So.2d 112 (Ala. 1991); Rogers v. State,417 So.2d 241 (Ala.Cr.App. 1982). The record indicates that the appellant and Kamara Maxwell were divorced on July 3, 1991, before this trial. After that, the appellant and Kamara Maxwell filed a "joint motion to dismiss the decree of divorce," in an attempt to "annul" the divorce, but their motion was not granted and no annulment took place. The appellant and Kamara Maxwell did not remarry before the trial. Therefore, *Page 97 
no spousal testimonial privilege applied.
The appellant's next allegation of ineffective assistance of counsel is that his trial counsel did not move for a judgment of acquittal at the close of the state's evidence or at the close of all the evidence. A motion for a judgment of acquittal addresses the sufficiency of the evidence. The evidence was sufficient; such a motion would have served no purpose.
The appellant next contends that his trial counsel rendered ineffective assistance because he did not request charges on lesser offenses included in manslaughter. Generally, a "request for jury instructions is a matter of trial strategy and, absent a clear showing of improper or inadequate representation, is to be left to the judgment of counsel." Parker v. State,510 So.2d 281, 286 (Ala.Cr.App. 1987); Haynes v. State, 461 So.2d 869, 874
(Ala.Cr.App. 1984). Here, the appellant maintained that he had not been drinking alcoholic beverages on the night of the accident. Thus, there was no reasonable theory from the evidence to support a charge on lesser offenses included in manslaughter. Johnson v. State, 398 So.2d 393
(Ala.Cr.App. 1981). Trial strategy decisions do not result in ineffective assistance, whether right or wrong.
The appellant next contends that his trial counsel's performance was ineffective because he failed to object to the form of the prosecutor's questions to two of the appellant's witnesses regarding their prior felony convictions.
The prosecutor, during cross-examination, asked Reginald Fuqua whether he had "ever been convicted of a crime involving moral turpitude," and whether he had "ever been convicted of a felony." The district attorney had proof that this witness had been convicted. These types of questions have been condemned, but in this case, they were error without injury.
Whether to object to such questions is a matter of trial strategy. O'Neil v. State, 605 So.2d 1247 (Ala.Cr.App. 1992). With respect to decisions involving trial tactics, the appellant must overcome a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065;Hutchins v. State, 568 So.2d 395, 397 (Ala.Cr.App. 1990). Further, "[e]ffectiveness of counsel does not lend itself to measurement by picking through the transcript and counting the places where objections might be made." Stringfellow v. State,485 So.2d 1238, 1243 (Ala.Cr.App. 1986). Had the appellant's counsel objected to the form of the questions asked by the prosecutor, the trial court should have sustained the objections. The prosecutor then would have had to elicit evidence of the prior convictions by asking the questions in the correct form. The outcome would have been the same. Trial counsel's performance was not ineffective in not objecting to the questions.
The prosecutor asked another of the appellant's witnesses the question: "Well, haven't you been convicted of DUI a couple of times?" Although driving while under the influence isnot a crime involving moral turpitude, this question called for admissible evidence. It could demonstrate bias on the part of the witness. "The bias of an accused's witness in favor of the accused or against the state may be shown by evidence of statements, acts, relationships or charges of crime that would reasonably give rise to an inference that the witness is biased." C. Gamble, McElroy's Alabama Evidence, § 149.01(9) (4th ed. 1991).
The appellant's final allegation of ineffective assistance of counsel is that his trial counsel did not make an appropriate response when the state made a Batson[1] motion. The state's motion came after the appellant's trial counsel used his five peremptory strikes to remove all blacks from the venire.Georgia v. McCollum, ___ U.S. ___, 112 S.Ct. 2348,120 L.Ed.2d 33 (1992); Lemley v. State, 599 So.2d 64 (Ala.Cr.App. 1992). The state requested that three of the struck veniremembers be placed on the *Page 98 
jury panel. The appellant's trial counsel denied that the strikes were done intentionally to remove the three challenged blacks from the jury, but he did not produce race-neutral reasons for two of his strikes. The trial court correctly placed those veniremembers on the jury panel. The third was excluded because he had a hearing problem. Although counsel did not have race-neutral reasons for two of his peremptory strikes, his performance was not ineffective. See generallyDuren v. State, 590 So.2d 360 (Ala.Cr.App. 1990); Mace v. State,574 So.2d 886 (Ala.Cr.App. 1990).
 III
Finally, the appellant contends that the trial court erred by allowing the investigating officer to give his opinion as to how the accident occurred. The officer described the scene of the accident. He testified that he took measurements of the tire marks and scrapes on the roadway, and that the vehicles had not been moved when he arrived at the scene. He identified photographs of the vehicles and the scene of the accident. The officer, over objection, then drew a diagram on a blackboard, placing the vehicles in what he believed were their relative positions at the time of the accident, and he gave his opinion as to how the accident occurred.
The general rule is that "[h]ypothetical questions are correctly presented to expert witnesses if they are based on facts already in evidence or on facts that can be reasonably inferred from the facts in evidence." Winton v. State,563 So.2d 22, 24 (Ala.Cr.App. 1990). See also Pate v. State,512 So.2d 138 (Ala.Cr.App. 1980); C. Gamble, McElroy's AlabamaEvidence § 130.01 (4th ed. 1991).
The Alabama Supreme Court in Hollis v. Scott, 516 So.2d 576,580 (Ala. 1987), held that "a properly qualified expert witnessmay base his opinion upon either facts of which he hasfirsthand knowledge, or facts in evidence that are assumed in ahypothetical question asked of him." Hollis. (Emphasis added.) "Of course, it must be shown that the witness has sufficient knowledge of the facts to enable him to form an opinion, and he must testify as to the facts in his own knowledge upon which his opinion is based." Hollis. Here, Trooper Bates based his opinion on his firsthand knowledge and the facts already in evidence, not on speculation or conjecture.
We find this case distinguishable from Phillips v. Emmons,514 So.2d 1369, 1372 (Ala. 1987) in which the Alabama Supreme Court stated that, "the admission of an expert's opinion testimony as to the 'apparent' cause of an accident, when thefact on which his opinion, is based is not in evidence, is reversible error." (Emphasis added.) In Phillips, a state trooper testified as to cause of an automobile accident. The state trooper did not respond to a hypothetical question nor rely on facts in evidence, "[r]ather, his testimony was based solely on his observations while at the accident scene."514 So.2d at 1371. Thus, in Phillips, the expert's testimony fell within the firsthand knowledge rule. Under this rule the expert in Phillips would have been allowed to state his opinion concerning the cause of the accident if he based the conclusion on facts in evidence. The Alabama Supreme Court, in reversing the case, stated that the trooper's testimony did not coincide with the evidence presented at trial and was partly based on speculation and conjecture.
According to Hollis, the court committed no error in allowing Trooper Bates to give his opinion as to the cause of the accident.
For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
[1] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986). *Page 99