This case involves the denial of a petition for a writ of mandamus sought to compel continuation of extraordinary disability benefits pursuant to Ala. Acts 1973, No. 1272 (Act).
Jimmy G. Large, filed a complaint in the circuit court against the Board of Managers of the City of Birmingham Retirement and Relief System (Board), alleging that the extraordinary disability allowance he was awarded in October 1987, because of an on-the-job injury suffered in October 1986, was improperly discontinued. Large requested a writ of mandamus directing the Board to continue his allowance and pay an attorney's fee, interest, and costs.
The record reveals that after sending notice to Large that the Board was discontinuing his benefits, the Board granted Large's request for a hearing on the matter and restored his benefits pending the hearing. A hearing was held, and subsequently, Large's benefits were discontinued. Following a hearing on Large's petition to the circuit court, the circuit court's order stated that it could not find the decision of the Board to be manifestly wrong on the basis of the evidence offered, and therefore, the circuit court sustained the decision of the Board. Large appeals.
On appeal, Large raises two issues. He first contends that the circuit court erred in sustaining the decision of the Board. Next, he contends that the admission into evidence of a videotape submitted by the Board was prejudicial error.
The record reveals that Large was hired as a firefighter with the Birmingham Fire and Rescue Service in August 1977. In October 1986, Large was injured when he fell during training exercises. Although he testified that his pain persisted, Large worked into January 1987. Following hospitalization and treatment, Large was placed on an extraordinary *Page 1175 
disability allowance pursuant to the Act, effective October 17, 1987, and he has not returned to work since that time.
On August 11, 1990, Large was observed by employees of an investigative service hired to investigate Large. Pursuant to surveillance, a videotape was made of Large attempting to change a flat tire on his vehicle by jacking up the truck and loosening several lug nuts. The videotape had several breaks in sequence where the investigator was allegedly trying to avoid detection; however, the videotape clearly displayed Large squatting, stooping, and exerting force without noticeable indication of pain. Large testified that he never physically picked up the tire, and that two other men actually changed the tire for him.
Subsequently, the Board arranged for Large to be evaluated by Dr. J. Clayton Davie and Dr. Gordon J. Kirschberg. Large's extraordinary disability benefits were ultimately discontinued.
Large properly sought mandamus for review of the decision of the Board. The Act specifies that review of the Board's decision may be solely upon the evidence presented to the Board, or the circuit court may receive and consider additional evidence. The Act further designates that after consideration of the evidence, the standard applied by the circuit court is whether the Board's decision is manifestly wrong. Art. III, § 11.
The "manifestly wrong" standard of review is a lesser burden than in a certiorari proceeding. "Even if there is sufficient evidence supporting the decision of the board, such a decision could still be manifestly wrong in light of the additional evidence presented to the trial court." Brewer v. City ofBirmingham Retirement Relief System Board of Managers,585 So.2d 46, 48 (Ala.Civ.App. 1990).
The circuit court's detailed order is comprehensive and meticulous in reciting the evidence that the trial court considered in reaching its determination that the Board's decision "would not have been manifestly wrong." Our review of that decision follows "the same standard of review as the trial court in reviewing the actions of the board." Brewer, supra. We have carefully and thoroughly reviewed the entire record and we disagree with the conclusion reached by the circuit court.
The record reveals that Large was notified that his disability benefits were being discontinued, by a letter from the City of Birmingham, Office of Personnel, dated November 16, 1990. The letter advised Large that he "must contact Chief Hopkins in the Fire Department immediately to request a leave of absence without pay in order to retain your benefit eligibility beginning January 1, 1991." Nothing contained in the record discloses whether Large took any action to protect his interests as instructed.
Article VI, § 8, of the Act provides that if, during the continuation of disability, one became separated from the service of the City and one's disability ceased to exist, the Board would have discretion to continue the individual on disability benefits until the Board determined that the individual was able to find suitable employment at a rate of pay equal to or exceeding the disability allowance.
Three months elapsed from the date that Large was videotaped until his extraordinary benefits were discontinued. During that time, at the Board's request, Large was evaluated by two physicians. Neither physician observed any objective abnormalities; however, Dr. J. Clayton Davie determined Large to be "not capable of functioning as a fireman," and Dr. Gordon J. Kirschberg's evaluation concluded that Large was living in a "very guarded and deconditioned state" and was capable of only sedentary work. Both physicians indicated that in their opinion, a reconditioning program would be beneficial to Large. Dr. Davie opined that after such a program there was a possibility that Large could eventually return to work as a firefighter. Both physicians expressed opinions that Large was reluctant to return to work, that he was physically out of shape, and that he was uncooperative during their evaluations.
Article VI, § 8, also provides that extraordinary disability benefits "shall continue until such time as such Participant is no longer *Page 1176 
disabled by such injury to perform his customary duties or substantially comparable duties." Article VI, § 8, was amended pursuant to Ala. Acts 1988, No. 88-931. That amendment applies only to participants who join the system on or after January 1, 1989. The amended provision reads:
 "Benefits shall not be payable hereunder during any period that a disabled participant is able to perform other duties in his job classification or the customary duties of another job with that participant's employer, which other duties or job has been offered to participant and which job pays a salary or wage equal to or greater than the salary or wage such participant was earning at the time of the incident causing the disability. . . . and shall continue until such time as such participant is no longer disabled by such injury to perform his customary or other duties, substantially comparable duties, or a substitute job as described above."
Because Large was a participant in the system prior to January 1, 1989, to discontinue his benefits, there must be a finding that Large was able to perform the customary or substantially comparable duties of a firefighter, i.e., the court must apply the standard utilized prior to the amendment. While there may be some evidence that Large could possibly return to work following a successful reconditioning program, that testimony is conditioned on the happening of an indeterminate event and is speculative at best. In light of the undisputed medical evidence presented to the circuit court that Large is unable "to perform his customary duties or substantially comparable duties," we find that the decision of the circuit court is manifestly wrong and must be reversed.
Our decision, however, does not prohibit the Board from enrolling Large in future reconditioning programs or from conducting additional medical evaluations in an attempt to return Large to active employment. We are merely concluding that at the present time, the evidence does not reveal that Large is capable of performing the customary duties of a firefighter. Efforts to restore Large to his previous position and to remove him from the extraordinary disability rolls are encouraged, if it is determined that reinstatement is conceivable.
Large argues that it was prejudicial error for the circuit court to admit into evidence the videotape which showed Large bending, stooping, squatting, and exerting force as he attempted to change a flat tire on his truck. He contends that the videotape was irrelevant and improperly authenticated and that the videotape does not accurately represent the events. Clearly, the videotape is relevant to Large's physical condition; therefore, we will only consider Large's arguments regarding the authentication and representation of the videotape.
We addressed a similar argument in Marlar v. Humana MedicalCorp. of Alabama, 611 So.2d 1089 (Ala.Civ.App. 1992). There we stated, " 'A motion picture [or videotape] is admissible if it is relevant and if it is properly authenticated and identified.' C. Gamble, McElroy's Alabama Evidence, § 123.06 at 322 (4th ed. 1991). The predicate for its admission is laid by having a witness testify that the picture exhibited on the screen accurately reproduces the objects or actions he observed. McElroy's Alabama Evidence, supra; InternationalUnion, etc. v. Russell, 264 Ala. 456, 88 So.2d 175 (1956), aff'd, 356 U.S. 634 (1958)." Marlar at 1090. Pursuant to the Act, any evidence relevant on any issue involved in the review shall be admissible, subject to the ordinary rules of evidence. Art. III, § 11.
In the instant case, the videotape was offered by the Board through Brian Wallace, an investigator, who testified regarding his surveillance of Large. Large was also questioned regarding the videotape, and he testified that the videotape reflected his performance on that occasion. Large admitted that the videotape reflected his performance of certain tasks; however, he testified that he was in pain during the time he tried to change the tire, and that two men changed it for him. We have reviewed the videotape and the authorities cited by Large, and we are not convinced that the circuit court committed *Page 1177 
reversible error regarding the admission of this evidence.
Based upon the foregoing, that portion of the judgment of the circuit court concerning discontinuation of Large's disability benefits is reversed and the cause is remanded to the circuit court for entry of a judgment consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.
 *Page 297