THIGPEN, Judge.
This case involves employee benefits.
Clayton Hill, Sr., filed a petition for a writ of mandamus, or, alternatively, for certiorari review in the Circuit Court of Jefferson County, requesting that the court order the Board of Managers of the City of Birmingham Retirement and Relief System (Board) to award him an extraordinary disability allowance. The Board answered, denying that Hill was disabled as a result of an on-the-job injury.
Hill testified that he has been employed by the City of Birmingham approximately twenty years, and that in May 1989, while performing duties as a labor supervisor, a coworker struck him from behind with an object, resulting in back injuries. Hill contends that in May 1990, in response to his application for extraordinary disability benefits, the Board found him to be disabled and awarded him an ordinary disability allowance and denied extraordinary disability. Hill appealed to the circuit court, which held that the Board had sufficient material before it to rule that Hill’s injury did not entitle him to extraordinary disability benefits, and it determined that the actions of the Board were not manifestly wrong. Hill appealed.
Hill contends that the circuit court erred by failing to consider evidence in addition to that considered by the Board. Hill also claims that the circuit court erred “in disregarding or misperceiving the evidence” and by determining that the Board’s decision was not manifestly wrong.
Initially we note that Act. No. 1272, 1973 AlaActs (Regression), provides that the appropriate standard for the circuit court to apply on appeal is, after consideration of the evidence, whether the Board’s decision is manifestly wrong. Art. Ill, § 11.
Although the record does not contain the Board’s proceedings or the Board’s ultimate decision, Hill contends that the Board was presented evidence consisting of the testimony of Hill, the medical recommendation of Dr. George M. Hill, and a neurosurgical con *658 sultation and an evaluation report from Dr. J. Clayton Davie. The record reflects that the circuit court was presented evidence, in addition to what Hill contends was presented to the Board, consisting of the testimony of Hill’s co-workers, Clyde Tubbs and Ronald W. Boat, the medical records of Dr. Hill, and the deposition testimony of Dr. Davie.
In support of his argument that the circuit court erroneously relied upon only the evidence presented to the Board in exclusion of additional evidence, Hill quotes the following passage:
“‘If in the Circuit Court evidence is received, in addition to that considered by the Board, the decision of the Board upon all matters of fact shall, nevertheless, be final and conclusive, except to the extent limited by the next following sentence. If the Circuit Court after hearing all the evidence offered determines that had the decision rendered by the Board been rendered after hearing such evidence that such decision would not have been manifestly wrong, then the Circuit Court shall sustain the decision of the Board, and if the Circuit Court, after considering all the evidence, determines that the decision rendered by the Board would have been manifestly wrong had such decision been rendered after considering all the evidence considered by the Circuit Court, then in that event the Circuit Court shall render the decision which that Court concludes should be rendered on all the evidence considered by that Court.’”
Section 11, Act No. 1272, as quoted in Board of Managers of the City of Birmingham Retirement & Relief System v. Elliott, 532 So.2d 1019, 1021 (Ala.Civ.App.1988) (emphasis supplied in Elliott). We find that the passage actually supports the decision of the circuit court. Hill contends that the trial court erred by not considering the additional evidence; however, he offers no proof that the trial court did not consider the evidence. The transcript on appeal indicates that the circuit court heard the testimony of additional witnesses and that it also admitted additional documents into evidence. Hill supports his argument that the trial court did not consider the additional evidence only by the mere fact that the trial court ruled against him. Hill also argues that the following holding by the circuit court constitutes reversible error based upon the evidence presented:
“The Board had before it the deposition of Dr. Clayton Davie. Dr. Davie testified that the disability was the result of Mr. Hill’s problem involving his neck, not the problem involving his back. Dr. Davie further testified that Mr. Hill’s neck problem was not caused by the injury which Mr. Hill suffered on May 25, 1989.
“Thus, the Board had sufficient material submitted to it to find that [Hill’s] injury did not entitle him to extraordinary disability benefits. Therefore, the Court cannot find that the actions of the Board were manifestly wrong.”
Although it appears from Hill’s arguments that the circuit court incorrectly stated that the Board considered Dr. Davie’s deposition testimony in reaching its decision, we cannot say that the Board was manifestly wrong in awarding Hill ordinary benefits as opposed to extraordinary benefits; nor can we say that the circuit court committed reversible error in upholding the actions of the Board. Dr. Davie’s report and deposition are not contradictory, and the evidence presented to the circuit court supports the decision of the Board. We cannot find that any of the additional evidence presented would render the Board’s decision manifestly wrong. Brewer v. City of Birmingham Retirement & Relief System Board of Managers, 585 So.2d 46 (Ala.Civ.App.1990).
Based upon the foregoing, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.