YATES, Judge.
This case involves the denial of a petition for a writ of mandamus directing the Board of Managers of the City of Birmingham Retirement and Relief System to grant an application for extraordinary disability benefits, pursuant to 1978 Ala. Acts No. 1272 (Reg. Session) (Act 1272).
John T. Powell began working for the Birmingham Fire and Rescue Service (City) in May 1973. The record reveals that on July 14, 1990, Powell injured his neck and shoulder while performing his duties as a firefighter. He was treated in the emergency room and was referred to Dr. Sadri Avsar, the City doctor, who referred Powell to Dr. Steven Nichols. Powell underwent numerous tests and prolonged physical therapy, and was also treated by Dr. Daniel W. Michael. From the date of his injury until January 1991, Powell received disability benefits. He was then ordered by the City to go back to work on “restricted” or “limited” duty.
Dr. Nichols issued a “Physician’s Report of Disability” on May 7, 1991, stating that, in his opinion, Powell was totally incapacitated for performance of duty, that he had been incapacitated since July 14,1990, and that he was likely to be incapacitated permanently. On May 10, 1991, Powell applied for extraordinary disability benefits, pursuant to Act 1272.
Dr. Michael wrote a letter dated June 3, 1991, to the City stating that Powell had completed his therapy, and that “based on the final Functional Capacity Evaluation, Mr. Powell meets all of the required job demands for a fire fighter.” Dr. Michael also stated that Powell should return “without restrictions or limitations.” The record reveals that the next day, June 4, 1991, Powell returned to work, and, while attempting to complete a fitness cheek, suffered a possible tear in his right rotator cuff.
On July 10, 1991, Powell’s application for extraordinary benefits was denied. He then petitioned the trial court for a writ of mandamus directing the Board to grant his application. A hearing on the matter was held on June 2, 1992, and additional evidence was presented by Powell. On July 8, 1992, the trial court entered an order sustaining the Board’s denial of Powell’s application; hence, this appeal.
The issues raised by Powell on appeal are: (1) whether the trial court erred in denying him extraordinary disability benefits; (2) whether the trial court erred in refusing to direct the City that they were in violation of Act No. 89-378 in requiring him to work “limited duty;” (3) whether the trial court erred in failing to direct the City that they could not require him to work “limited duty” at a salary less than the salary he was earning as an active firefighter; (4) whether the trial court erred in allowing the City to reduce all vacation and sick leave time Powell had accrued; (5) whether the trial court erred in allowing the City to withhold wages from him during a period in which he was incapacitated to perform his duties; and (6) whether the trial court erred in allowing the City to find Powell to be A.W.O.L. (absent without leave).
Regarding the first and second issues on appeal, Act 1272, Article VI, § 8, provides in pertinent part:
“In the event a Participant shall become totally disabled to perform his customary duties by reason of personal injury received as a result of an accident arising out *901 of and in the course of the employment in the Service and occurring at a definite time and place, then in the event such total disability shall continue until the Participant ceases to draw salary as an employee of the City such disabled Participant shall be entitled to a monthly allowance from the Fund equal to seventy per cent (70%) of his monthly salary at the time of the accident which resulted in such total disability.” (Emphasis supplied.)
Act 1272, Article VI, § 8, was amended by Act No. 89-378 to provide, in part:
“Benefits shall not be payable hereunder during any period that a disabled participant is able to perform other duties in his job classification or the customary duties of another job with that participant’s employer, which other duties or job have been offered to participant and which job pays a salary or wage equal to or greater than the salary or wage such participant was earning at the time of the incident causing the disability.”
This amendment applied specifically to participants joining the System on or after January 1, 1989. Powell began working for the City in May 1973.
In a similar ease dealing with Act 1272, this court held that a “pre-1989” firefighter who received a disabling injury in the line of duty, who was unable to perform his customary duties as a firefighter, and who had supporting medical documentation that he was unable to perform his customary duties, was entitled, pursuant to the plain language of Act 1272, to receive extraordinary disability benefits. See Creel v. Board of Managers of the City of Birmingham Retirement and Relief System, 628 So.2d 825 (Ala.Civ.App.1993). Powell is unable to perform his customary duties as a firefighter and he has been required to work “limited duty,” which entails filing reports and answering telephones.
This court’s standard of review regarding denial of extraordinary benefits is as follows:
“The Act specifies that review of the Board’s decision may be solely upon the evidence presented to the Board, or the circuit court may receive and consider additional evidence. The Act further designates that after consideration of the evidence, the standard applied by the circuit court is whether the Board’s decision is manifestly wrong. Art. Ill, § 11.
“The ‘manifestly wrong’ standard of review is a lesser burden than in a certiorari proceeding. ‘Even if there is sufficient evidence supporting the decision of the board, such a decision could still be manifestly wrong in light of the additional evidence presented to the trial court.’ Brewer v. City of Birmingham Retirement & Relief System Board of Managers, 585 So.2d 46, 48 (Ala.Civ.App.1990).”
Large v. Board of Managers of the City of Birmingham Retirement & Relief System, 623 So.2d 1174 (Ala.Civ.App.1993) (emphasis supplied).
At the June 2, 1992, hearing, there was extensive testimony given by Powell and other witnesses. Additional evidence was presented to the trial court, which was not presented to the Board for consideration at the time it denied extraordinary benefits to Powell in July 1991.
In his deposition in August 1991, Dr. Avsar, who is under contract with the City to treat injured City employees, testified that Powell had suffered “cervical and suprasca-pular contusion” and strain from his injury in July 1990. He further testified that it was his opinion that Powell was not able to return to his duties as firefighter. Avsar continued to treat Powell. The record contains a report dated May 14, 1992, in which Avsar states “[Powell] has reached maximum medical improvement on July 16, 1991.” Avsar was again deposed on May 28, 1992, and his opinion that Powell could not return to performing the customary duties of a firefighter remained unchanged.
Dr. Nichols, in his deposition on September 19, 1991, testified that it was his opinion that you have to be in “top shape” to fight fires and that Powell would be an unsafe member of the firefighting team. He farther stated, “If I have a patient who ... [has] an abnormal MRI scan indicating a problem with a rotator cuff, and he’s got a strength *902 deficit to match that, and he tells me he hurts and he can’t do it, I wouldn’t want him at my house if I had a fire.”
In denying Powell extraordinary disability benefits, the Board relied on Dr. Michael's opinion that Powell was capable of returning to work without restrictions. Michael testified in his deposition on August 19,1991, that he based his determination that Powell could return to his duties as a fire fighter, in part, on a functional capacity evaluation. Cheryl Ray, a therapist involved in administering the test, however, testified in her deposition that, although the duties of a firefighter are considered to be in the “very heavy” work category, a “modified medium” work category was used in the test administered to Powell. Ray testified as follows:
“Q. And just to make sure I understand, you and your supervisor decided that despite what it said in the Dictionary of Occupational Titles, you and your supervisor and Dr. Michael decided that a modified medium work category was sufficient for the duties that Mr. Powell was going to have to perform?
“A. Yes.
[[Image here]]
“Q. Okay. But that’s not sufficient to meet the qualifications of a very heavy job duty, is it?
“A. No, because very heavy is over 100 pounds.
“Q. And Mr. Powell can’t do that, can he?
“A. No.
[[Image here]]
“Q. You didn’t use the criteria set forth in the Dictionary of Occupational Titles in determining that Mr. Powell could return to work, did you?
“A. No.
“Q. You used your own opinion?
“A. Yes.”
Based on the foregoing, this court is of the opinion that the trial court, after considering all of the evidence before it, should have found that the Board’s decision was manifestly wrong. Accordingly, the judgment of the trial court is reversed and the cause is remanded with instructions to enter an order consistent with this opinion. In view of our disposition of this case, we pretermit a discussion of the other issues raised on appeal. Powell’s request for an attorney’s fee is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.