YATES, Judge.
This is the second time this case has been before this court. See Powell v. City of Birmingham, 628 So.2d 899 (Ala.Civ.App.1993). Powell, who was injured while performing his duties as a firefighter, applied to the City of Birmingham Retirement and Relief System for extraordinary disability benefits, pursuant to 1973 Ala.Acts, Act No. 1272 (Reg. Session). The Board denied his application, and he appealed to the circuit court. The circuit court sustained the Board’s denial, and Powell appealed to this court. On October 15, 1993, this court, holding that the circuit court should have found that the Board’s decision was manifestly wrong, reversed the judgment of the trial court and remanded the case. 628 So.2d 899. On remand, the trial court adopted the opinion of this court.
On November 18, 1994, Powell requested the circuit court to clarify the judgment, stating that he had begun receiving extraordinary disability benefits on November 13, 1993, but that the City of Birmingham had refused to pay him for the period June 2, 1992 (the date the trial concluded), through November 12, 1993. Powell claimed that he was entitled to $30,605.98 in additional benefits for that period. The trial court denied *695 Powell’s motion for clarification, holding: “Since [Powell] received full salary from June 2, 1992, until November 12, 1993, ... [he] is not entitled to any additional funds.” Powell appeals.
We agree with the trial court. Act No. 1272, Article VI, § 8, entitled “Extraordinary Disability Allowance,” provides in pertinent part:
“Benefits payable hereunder shall commence upon the cessation of said disabled Participant’s drawing a salary from the City and shall continue until such time as such Participant is no longer disabled by such injury to perform his customary duties or substantially comparable duties.”
Given that language, we believe the legislature’s intent is clear — that benefits cannot be received until one’s salary stops. Dumas Brothers Manufacturing Co. v. Southern Guaranty Ins. Co., 431 So.2d 534 (Ala.1983). Although the City required Powell to do “light duty” work and refused to pay him extraordinary disability benefits during the period in question, the City did pay Powell his full and customary salary. Accordingly, the judgment of the trial court is due to be affirmed. Powell’s request for an attorney fee on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.